UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS ALEXANDER GREENE,<br><br>Petitioner,<br><br>v.<br><br>PELICAN BAY STATE PRISON,<br><br>Respondents. | No. 2:14-cv-1826 JAM AC P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the petition as unexhausted and untimely.  ECF No. 10.  Petitioner has responded (ECF No. 13) and no reply has been filed.

I.   Factual and Procedural Background

Petitioner pled no contest to a charge of possession of a sharp object or weapon by an inmate and on September 17, 2002, was sentenced to a determinate state prison term of eight years.  ECF No. 1 at 1; Lodged Doc. No. 1.

The petition indicates that petitioner initiated both a direct appeal and a state petition for writ of habeas corpus, but did not seek review of either in the California Supreme Court.  ECF No. 1 at 2-3.  Respondent notes that petitioner has an additional forty state collateral filings, but does not elaborate beyond stating that "they do not impact the statute of limitations analysis"

1  because they "were filed either too early, a year or more too late or do not challenge the relevant
2  conviction." ECF No. 10 at 2.  A search of petitioner's underlying criminal case, Case No.
3  00F01538, on the Sacramento County Superior Court's online public access site reveals forty-two
4  related cases filed between June 5, 2000, and March 23, 2015.[1]  The information for forty of the
5  cases clearly indicates they were petitions for writ of habeas corpus.  The other two cases are
6  simply identified as writs.  No information regarding the substance of the petitions is discernable
7  from the website.

8        A review of the California Supreme Court's online docketing system indicates that
9  petitioner has not filed any claims in that court under either the name Marcellus Greene or
10  Marvellous Warrior, the names he uses to identify himself in this case.  However, the docket in
11  petitioner's underlying criminal case, Case No. 00F01538, on the Sacramento County Superior
12  Court's online public access site, reveals a number of aliases used by petitioner, most being some
13  variation of the two names used in this case.  A search of these aliases on the California Supreme
14  Court's online docketing system reveals a single case, Case No. S171348, filed by petitioner
15  under the name Marvellous Asha Xyah.[2]  According to the docket in that case, petitioner filed a
16  petition for writ of mandate/prohibition on March 18, 2009, that was transferred to the California
17  Court of Appeal, Third Appellate District on April 1, 2009.[3]

18        The instant petition was filed on July 17, 2014.[4]

19  II.    Motion to Dismiss

20        Respondent argues that the petition should be dismissed because petitioner has failed to

---

[1] This court may take judicial notice of the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] The party information on the California Supreme Court's website also identifies petitioner by his CDCR number, K-29392.  See http://appellatecases.courtinfo.ca.gov/search/case/partiesAndAttorneys.cfm?dist=0&doc_id=1903026&doc_no=S171348

[3] Docket for Case No. S171348 available at: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1903026&doc_no=S171348

[4] The prison mailbox rule was used in determining the filing date of petitioner's federal habeas petition.  See Houston v. Lack, 487 U.S. 266 (1988).

exhaust his state court remedies by presenting his claims to the California Supreme Court, and because the petition is untimely. ECF No. 10 at 4-5. Respondent further argues that dismissal should be with prejudice because the statute of limitations bars further proceedings. Id.

III.     Opposition to Motion to Dismiss

Petitioner does not deny that he has not exhausted his state court remedies and instead states that he has "been on the wrong medication" and "was deaf, dumb and blind, to [his] objective nature" but he offers no further explanation. ECF No. 13 at 3. Petitioner further requests that if he has filed his petition in the wrong court that the court "[r]emand to where venue is proper." ECF No. 13 at 3.

IV.     Discussion

Habeas petitioners are required to exhaust state remedies before seeking relief in federal court unless "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008), cert. denied, 556 U.S. 1285 (2009).

To the extent petitioner may be attempting to argue that he was excused from exhausting his state court remedies, his vague claims that he was "on the wrong medication" and "deaf, dumb and blind to [his] objective nature" are insufficient to establish that the state corrective process was unavailable or ineffective to protect his rights. See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (explaining that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.") Petitioner offers no explanation why he did not pursue his direct appeal, or any of his numerous collateral appeals, to the California Supreme Court.

Petitioner presents no claim or evidence that he has exhausted his state court remedies, and the California Supreme Court's docketing system indicates that petitioner has submitted only a petition for writ of mandate or prohibition, which does not appear to have been properly filed with that court because it was transferred to the California Court of Appeal, Third Appellate District for disposition.  The court can find no evidence that plaintiff filed either a direct appeal or a petition for writ of habeas corpus with the California Supreme Court.

With respect to petitioner's request that the petition be remanded, the petition originated in this court and there is nowhere for the court to remand it to.  If petitioner seeks to pursue his claims in state court, he must file a petition in the appropriate state court.

Because petitioner did not exhaust his state court remedies, the court need not address whether the petition is timely.  However, even if the court sought to determine whether the petition was timely, it would be unable to do so because respondent has provided insufficient documentation to allow for an analysis of the timeliness of the petition.  Respondent states that petitioner has filed forty state collateral filings, but has not provided any information on them beyond the general statement that they "were filed either too early, a year or more too late or do not challenge the relevant conviction." ECF No. 10 at 2.  Without information as to the substance of the filings and the grounds on which the state court dismissed them, this court is unable to determine which, if any, of the state collateral actions may toll the statute of limitations.  Because the court is unable to evaluate the timeliness of the petition, respondent's request that the petition be dismissed with prejudice will be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted and petitioner's application for a writ of habeas corpus be dismissed.

2. Respondent's request to dismiss the petition with prejudice be denied.

3. The court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

4

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2015

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE